IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT WALKER,

    Petitioner,

v.

LOUIS FOLINO, et al.,

    Respondents.

CIVIL ACTION
NO. 12-6405

## OPINION

**Slomsky, J.**                                                                                                             August 2, 2013

### I.    INTRODUCTION

On November 11, 2012, Petitioner Robert Walker filed a pro se Petition for Writ of Habeas Corpus. (Doc. No. 1.) On December 3, 2012, the Court referred this case to United States Magistrate Judge Timothy R. Rice. (Doc. No. 2.) On February 19, 2013, Respondents filed a Response in Opposition. (Doc. No. 7.) On April 19, 2013, Petitioner filed a "Traverse to State's Answer and Incorporated Memorandum of Law." (Doc. No. 10.) On April 30, 2013, Judge Rice issued a Report and Recommendation that the Petition be denied with prejudice. (Doc. No. 11.) On June 26, 2013, Petitioner filed timely Objections to the Report and Recommendation. (Doc. No. 15.)[1] For reasons that follow, the Court will overrule Petitioner's Objections and adopt the Report and Recommendation of Judge Rice.

### II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge may designate a magistrate judge to file proposed findings and recommendations for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Within fourteen days after being served with a copy [of the magistrate judge's report], any party may serve and file written

---

[1] The Court granted a request by Petitioner for an extension of time to file his objections.

1

objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." With respect to pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## III.  BACKGROUND

On December 6, 2004, Petitioner strangled Jolie Garrison ("the Victim"), his girlfriend and the mother of his five children, killing her. (Doc. No. 11 at 1.) Petitioner was tried on a charge of first-degree murder in the Court of Common Pleas of Delaware County. (Id.) At trial, Petitioner admitted that he strangled the Victim, but asserted that he did so in self-defense following an argument and the ensuing struggle. (Id.) Petitioner's counsel stipulated to the admission of police statements given by Petitioner's three sons. (Id.) V.W., age 15, "stated that around midnight on December 6, he heard his parents arguing and saw the Victim throw

[Petitioner's] belongings down the stairs and go into her room while [Petitioner] picked up his things." (Id. at 1–2.) B.W., age 9, "said he shook the Victim in bed around 6:00 a.m. When the Victim did not respond, [Petitioner], who was also lying in the bed, got up and took B.W. to school rather than let him take the bus as usual." (Id. at 2 (citation omitted).) C.W., age 10, "stated that before leaving for school at 7:00 a.m., he said goodbye to the Victim, who turned, looked at him, and said 'bye.'"[2] (Id.)

On March 18, 2007, the jury convicted Petitioner of first-degree murder. (Doc. No. 11 at 2; Doc. No. 1 at 1.) He was sentenced to life imprisonment. (Doc. No. 11 at 2.) In May 2008, the Pennsylvania Superior Court affirmed his conviction. (Id. (citing Commonwealth v. Walker, 954 A.2d 44 (Pa. Super. Ct. 2008).) On October 8, 2008, the Pennsylvania Supreme Court denied review. (Id. (citing Commonwealth v. Walker, 959 A.2d 320 (Pa. 2008).)

On July 20, 2009, Petitioner filed a pro se petition challenging his conviction and sentence pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). (Id. at 2–3.) Petitioner argued that his trial counsel was ineffective for, among other things: (1) stipulating to the admission of the police statement given by C.W.; and (2) failing to call a forensic pathologist, Dr. Dimitri L. Contostavlos, as an expert witness. (Id. at 3.)

The PCRA court appointed counsel, who later sought leave to withdraw because he concluded Petitioner's claims were meritless. (Id.) The PCRA court denied counsel's request (id.), and dismissed Petitioner's claim related to the stipulated admission of the witness's police statement. (Id. (citing Commonwealth v. Walker, CP-23-CR-6666-2004 (Ct. Com. Pl. Del. April 14, 2011).) The PCRA court refused to consider Petitioner's claim regarding the failure to call Dr. Contostavlos because he failed to include any facts to support the claim. (Id. at 7.) On November 7, 2011, the Pennsylvania Superior Court affirmed the PCRA court. (Id. at 3 (citing

---

[2] As discussed infra, Petitioner contends that C.W.'s statement was harmful to his defense, and that his trial counsel should not have stipulated to its admission.

Commonwealth v. Walker, No. 578 EDA 2011 (Pa. Super. Ct. November 7, 2011).) On May 23, 2012, the Pennsylvania Supreme Court denied review. (Id. (citing Commonwealth v. Walker, 55 A.3d 523 (Pa. 2012).) The Pennsylvania Supreme Court also denied reconsideration. (Id.)

On November 7, 2012, Petitioner timely filed the instant Petitioner for Writ of Habeas Corpus. (Doc. No. 1.) The Petition sets forth the following two claims for relief:

1. "Trial counsel rendered constitutionally ineffective assistance at trial by agreeing to enter into a stipulation with the prosecution to the testimony of [C.W.] that acquiesced in the admission of disputed and highly damaging testimony" (id. at 65–72); and

2. "Trial counsel rendered constitutionally ineffective assistance in failing to call as an expert witness forensic pathologist, Dr. Dimitri L. Contostavlos" (id. at 72–76).

On April 30, 2013, Judge Rice issued a Report and Recommendation that the Petition be denied because:

1. "It was objectively reasonable for the PCRA court to find that Walker's trial counsel's decision regarding the admission of C.W.'s police statement was a reasonable trial strategy" (Doc. No. 11 at 5–6); and

2. "Because the PCRA court refused to consider Walker's claim regarding Dr. Contostavlos based on well followed state law requiring PCRA petitioners to properly plead and present claims for relief, this claim is procedurally defaulted" (Id. at 8). Additionally, "[t]his claim is also defaulted because Walker failed to raise it on appeal and he now is statutorily barred from bringing another PCRA petition" (Id. at 8–9). Furthermore, even if Walker had cause for the procedural default, "his claim is not substantial or meritorious" (Id. at 9).

4

Petitioner made the following timely objections to the Report and Recommendation:

1. "[T]hat portion of the R&R beginning at the bottom of page 5 through page 7 where the Magistrate Judge proffered his reasoning to conclude 'it was objectively reasonable for the PCRA court to find that Walker's trial counsel's decision regarding the admission of C.W.'s police statement was reasonable trial strategy'" (Doc. No. 15 at 3);

2. "[T]hat portion of the R&R beginning at the top of page 7 where the Magistrate Judge addresses [Strickland v. Washington]'s 'prejudice' component and states: 'Walker also argues the PCRA Court's decision was erroneous because it did not address the prejudice caused by the stipulation'" (id. at 7);

3. "[T]hat portion of the R&R beginning at the bottom of page 7 through page 10 where the Magistrate Judge proffers his reasoning to determine that [the claim regarding Dr. Contostavlos] was procedurally defaulted . . . ." (id. at 10);

4. "[T]hat portion of the R&R at page 11 where the Magistrate Judge states: 'As discussed above, however, Walker's ineffectiveness claim lacks merit regardless of trial counsel's reasons for not calling Dr. Contostavlos. Walker's request for an evidentiary hearing, therefore, is denied because he failed to show how such a hearing would help his cause or advance his claims'" (id. at 13); and

5. "[T]hat portion of the R&R at page 12 where the Magistrate Judge states: 'there is no probable cause to issue a certificate of appealability'" (id. at 14).

## IV. ANALYSIS

In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court held that an ineffectiveness of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

5

> Second, the defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose result is reliable. Unless a defendant
> makes both showings, it cannot be said that the conviction . . . resulted from a
> breakdown in the adversary process that renders the result unreliable.

Id. at 687.

### A. Objections One And Two

As to Objection One, regarding the police statement of C.W., "[w]here an attorney's actions are the result of 'strategic choices,'" there is a presumption of reasonableness. Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005). "If the strategic choice is 'made after thorough investigation of the law and facts relevant to plausible options,' . . . the presumption of reasonableness is essentially irrebuttable." Id. at 462–63 (quoting Strickland, 466 U.S. at 690).

Here, Petitioner's counsel made a strategic choice at trial that was presumptively and objectively reasonable. Counsel agreed and stipulated to admitting C.W.'s police statement, which was potentially damaging, in order to admit for the jury's consideration the police statement of V.W. (Doc. No. 11 at 4.) Counsel "believed V.W.'s police statement was critical to [Petitioner's] defense and he was concerned about calling V.W. as a witness. . . . Counsel had not been able to meet with V.W. despite attempts to do so, and had been told that V.W. hated [Petitioner] and would 'bury' [Petitioner] if called to testify." (Id.) Although C.W.'s police statement was possible bad evidence for the defense, counsel "reasoned that the jury would discount C.W.'s police statement given his young age, the trauma he experienced, and the fact that it contradicted B.W.'s statement." (Id.) This strategic choice was reasonable and sound.

As to Objection Two, regarding the prejudice component of Strickland, Petitioner himself acknowledged that a court may deny his ineffectiveness claim if the court finds his counsel's actions were reasonable. (Doc. No. 1 at 77 n.3); see Strickland, 466 U.S. at 697 (a court need not "address both components of the [ineffectiveness] inquiry if the defendant makes an insufficient showing on one.") Moreover, Petitioner admitted during trial that he strangled the victim during

a struggle. Consequently, the jury could have found that Petitioner had the specific intent to kill even without C.W.'s police statement. See Commonwealth v. Cooper, 941 A.2d 655, 662 (Pa. 2007) (holding that evidence of "death by manual strangulation was sufficient to establish that the perpetrator acted maliciously and with a specific intent to kill"). Although the Court does not need to reach the prejudice component of Petitioner's claim, it is apparent that he has not established prejudice. Strickland, 466 U.S. at 694 (to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

      **B.**      **Objections Three And Four**

As to Objection Three, regarding Judge Rice's finding that Petitioner's claim regarding Dr. Contostavlos was procedurally defaulted, "[a] federal court may not grant a writ of habeas corpus under [28 U.S.C. § 2254] unless the petitioner has 'exhausted the remedies available in the courts of the State.'" Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (quoting § 2254(b)(1)(A)). "It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Lee v. Kemna, 534 U.S. 362, 375 (2002); Coleman v. Thompson, 501 U.S. 722, 729 (1991)). "A state rule is 'adequate' for procedural default purposes if it was 'firmly established, readily ascertainable, and regularly followed at the time of the purported default.'" Leyva, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 327 (3d Cir. 2001)).

Here, the PCRA court refused to consider Petitioner's claim regarding Dr. Contostavlos because he failed to include facts to support the claim. This decision was based on an adequately grounded state law requiring PCRA petitioners to properly plead and present claims for relief. See 42 Pa. Cons. Stat. § 9543; Cone, 556 U.S. at 465 ("[w]hen a petitioner fails to raise his

7

federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.") Therefore, his claim regarding Dr. Contostavlos is procedurally barred.

Although Petitioner argues that the procedural default should be excused because it was caused by his PCRA counsel's ineffectiveness, this argument is unpersuasive. As discussed by Judge Rice, even if his PCRA counsel was ineffective, the underlying claim lacks merit because the testimony of Dr. Contostavlos "would not have mitigated, negated, or reconciled C.W.'s police statement as [Petitioner] asserts." (Doc. No. 11 at 9–10.) Petitioner contends Dr. Contostavlos would have testified that the Victim was in a coma when C.W. went into the bedroom at 7:00 a.m. However, as discussed above, even if the testimony of Dr. Contostavlos negated C.W.'s police statement, the jury could still find that Petitioner had the specific intent to kill the Victim because he strangled her.[3]

As to Objection Four, regarding Judge Rice's denial of an evidentiary hearing concerning the ineffectiveness of his counsel in not calling Dr. Contostavlos, for the reasons stated above, Petitioner has failed to demonstrate how an evidentiary hearing would advance his claims. Accordingly, Judge Rice was correct to deny his request for an evidentiary hearing.

### C.    Objection Five

As to Objection Five, regarding the denial of a certificate of appealability, jurists of reason would not debate the reasoning of Judge Rice in the Report and Recommendation, or the reasoning of this Court. See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) ("To obtain a [certificate of appealability] under [28 U.S.C. § 2253(c)], a habeas prisoner must make a

---

[3] The testimony of Dr. Contostavlos also does not establish any "new reliable evidence" of Petitioner's actual innocence, and Petitioner has not established that denial of the Petition will result in a miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 321–24 (1995) (a credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial").

substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'") Here, there is no substantial showing of the denial of a constitutional right. Therefore, no probable cause exists to issue a certificate of appealability in this case.

## V.     CONCLUSION

The Court will approve and adopt Judge Rice's Report and Recommendation, and deny the Petition for Writ of Habeas Corpus.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT WALKER,

    Petitioner,

v.

LOUIS FOLINO, et al.,

    Respondents.

CIVIL ACTION
NO. 12-6405

## ORDER

**AND NOW**, this 2nd day of August 2013, upon consideration of Petitioner Robert Walker's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition (Doc. No. 7), Petitioner's "Traverse to State's Answer and Incorporated Memorandum of Law" (Doc. No. 10), the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 11), and Petitioner's Objections to the Report and Recommendation (Doc. No. 15), it is **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 15) are **OVERRULED**.

2. The Report and Recommendation of Judge Rice (Doc. No. 11) is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

4. Any outstanding motions are **DENIED AS MOOT**.

5. A certificate of appealability will not be issued because, based on the analysis contained in Judge Rice's Report and Recommendation, as Approved and Adopted by this Court, a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the habeas petition.

6. The Clerk of Court shall close the above-captioned case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.